UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| ALICE LAWSON, § | |
| § | |
| Plaintiff § | |
| § | |
| v. § | Civil Action No. 1:18-cv-00312-LY |
| § | |
| CLAIBORNE COWAN and OFFICE § | |
| OF CHIEF COUNSEL HQ US ARMY § | |
| CORPS OF ENGINEERS and OFFICE of § | |
| the CHIEF COUNSEL for US § | |
| ENVIRONMENTAL PROTECTION § | |
| AGENCY DIVISION § | |
| § | |
| Defendants. § | |

**DEFENDANT CLAIBORNE COWAN'S RULE 12(b)(1) and 12(b)(6)
MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE LEE YEAKEL:

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), Defendant Claiborne Cowan ("Cowan"), files this Motion to Dismiss Plaintiff's Original Complaint for Lack of Subject-Matter Jurisdiction, and in the Alternative, Failure to State a Claim, and in support thereof states as follows:

**Introduction**

Probate proceedings concerning the estate of Ella Lee Myers Collins are currently pending in Probate Court No. 1 of Travis County, Texas, under cause number C-1-PB-14-002129. Cowan is temporary administrator of the estate of Ella Lee Myers Collins. The instant suit concerns allegations that Cowan sought and obtained the probate's court approval of the sale of a wastewater easement (the "Subject Easement") without required environmental studies. The sale of the Subject Easement closed on February 13, 2018, and the probate court entered an order

confirming its sale on February 20, 2018.[1]  Although sale of the Subject Easement from the estate has already been approved and confirmed, Plaintiff now seeks injunctive relief from this Court in the form of an order requiring Cowan to complete an environmental study of the Subject Easement.  Plaintiff is a potential beneficiary or heir of the Collins estate.

Plaintiff's Complaint should be dismissed with prejudice as against Cowan for three reasons.  First, because the only relief Plaintiff seeks against Cowan is completion of an environmental study regarding an already finalized sale, Plaintiff's claims against Cowan are now moot.  Second, even if Plaintiff's claims against Cowan were not moot, at minimum the probate exception bars Plaintiff's requested exercise of supplemental jurisdiction over the underlying probate proceeding.  Third, the Complaint fails to state any plausible claim against Cowan upon which relief can be granted.

For these reasons, Plaintiff's Complaint should be dismissed against Cowan with prejudice.

## Summary of Allegations

The totality of the Complaint's allegations and requests for relief against Cowan are below:

> Cowan was the temporary administrator of the Collins estate and as temporary administrator sought the probate court's approval of sale of the Subject Easement to Carma Easton (Dkt. No. 1 at 1);

---

[1] To the extent necessary, Cowan requests that the Court take judicial notice of the following documents that are publically available in cause number C-1-PB-14-002129, in Probate Court No. 1 of Travis County, Texas, certified copies of which are attached hereto as exhibits: (1) Application for Sale of Real Property (Document ID: 635331), attached as **Exhibit A**; (2) Order for Sale of Real Property (Document ID: 670373), attached as **Exhibit B**; (3) Report of Sale of Real Property (Document ID: 678076), attached as **Exhibit C**; and (4) Decree Confirming Sale of Real Property (Document ID: 679320), attached as **Exhibit D**; and (5) Agreed Order Appointing Temporary Administrator Pending Contest (Document ID 584090), attached as **Exhibit E**.

The sale was approved by the probate court and completed without "requisite" environmental studies (Dkt. No. 1 at 2);

Plaintiff requests that Cowan now be ordered to get an environmental impact assessment from the Army Corps of Engineers and EPA concerning the sale of the Subject Easement (Dkt. No. 1 at 3);

Plaintiff requests this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the pending probate proceeding C-1-PB-14-002129 (Dkt. No. 1 at 3).

Other than what is set-forth above, there are no further specific allegations in the Complaint against Cowan.

## Argument and Authorities

### I.   The Court Lacks Subject-Matter Jurisdiction Over Claims Against Cowan

#### A.   Rule 12(b)(1) Standard of Review

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim." *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception." (citation and internal quotation marks omitted)). On a Rule 12(b)(1) motion, which "concerns the court's very power to hear the case . . .[,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *MD Physicians & Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 181 (5th Cir. 1992) (citation omitted). In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on: "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by

3

undisputed facts and the court's resolution of disputed facts." *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 176 (5th Cir. 1990) (citation omitted).

Because mootness is considered a challenge to a court's constitutional power to hear a case, mootness is properly raised in a motion to dismiss under Rule 12(b)(1). *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). The doctrine of mootness, embedded in Article III's case or controversy requirement, requires an actual, ongoing controversy exists at all stages of a federal court proceeding. *See Burke v. Barnes*, 479 U.S. 361, 363 (1987). A case becomes moot when the issues presented are no longer live or the parties lack a "personal stake in the outcome of the lawsuit." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–478 (1990)).

**B.     Plaintiff's Claims Against Cowan are Moot**

Plaintiff's claims against Cowan must be dismissed with prejudice because an injunction ordering Cowan to obtain an environmental assessment (the only relief requested by Plaintiff against Cowan) would provide no meaningful relief. The sale of the Subject Easement was finalized in February 2018. *See* Exhibit D. That is, the Subject Easement is no longer an asset of the estate. In light of this fact, ordering Cowan to conduct the requested environmental assessment on the Subject Easement could have no effect and would be nothing more than a theoretical exercise. *See Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 397 (5th Cir. 2000) (reasoning that because construction had already been completed suspension of a permit would provide no meaningful relief); Exhibit E (describing temporary administrator's powers as limited to those assets within the probate estate). Accordingly, the Court lacks subject-matter jurisdiction over Plaintiff's claims against Cowan.

Additionally, even if Plaintiff's claims against Cowan were not moot, the Court could not exercise supplemental jurisdiction over the pending probate proceeding as Plaintiff requests. The probate exception deprives a federal court of jurisdiction to probate a will or administer an estate. *Markham v. Allen*, 326 U.S. 490, 494 L.Ed. 256 (1946); *see also Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013) (discussing the scope of the probate exception to federal jurisdiction). The proper court—indeed, the *only* court—that should be administering the Collins estate is the state probate court. *Id.*

## II.    The Complaint Fails to State a Claim Against Cowan

### A.    Rule 12(b)(6) Standard of Review

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570.

The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working principles." *Id*. First, although "a court must accept as true all of the allegations contained in a complaint," that tenet is inapplicable to legal conclusions, and "[t]hreadbare

5

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

The Fifth Circuit has held that Plaintiff's *pro se* status does not excuse her from complying with the appropriate pleading standards: "*Pro se* pleadings are held to less stringent standards than formal pleading drafted by lawyers. However, even if a plaintiff is proceeding *pro se*, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Amos v. Palmetto Gov't Benefit Adm'r,* 122 F. App'x 105, 109 (5th Cir. 2005) (internal citations and quotations omitted). When a plaintiff has "put forward no concrete allegations whatsoever against [a defendant]," and has "pled no facts that could possibly indicate that [a defendant] may be liable . . . [the plaintiff's] allegations provide no basis for relief," *id.*, the Court must dismiss the plaintiff's claims.

      **B.**     **Plaintiff Fails to State a Claim for Relief**

Plaintiff has not stated a plausible claim against Cowan. The Plaintiff's Complaint consists of only handful of paragraphs even mentioning Cowan, with no specific cause of action against Cowan in these paragraphs other than to say that Cowan did not obtain "requisite environmental reviews and/or approvals" from the Army Corps of Engineers and EPA prior to the sale of temporary construction and wastewater easements. (Dkt. No. 1 at 1)

The Complaint is bereft of any authority that Cowan, as seller, was required to complete certain environmental assessments prior to sale of the Subject Easement. Plaintiff's Complaint does not cite any Texas or federal statute, or any other authority for that matter, that would give rise to a plausible legal claim based upon this allegation. Indeed, such environmental reviews,

assessments, or approvals are typically associated with development or construction activities on real property, and not the private sale of an easement prior to *possible* development. *See, e.g.*, *O'Reilly v. U.S. Army Corps of Eng'rs*, 477 F.3d 225 (5th Cir. 2007) (reviewing environmental assessments and permits sought by developer of residential subdivision); *Save Our Wetlands, Inc. v. Sands*, 711 F.2d 634, (5th Cir. 1983) (reviewing environmental assessments and permits sought by utility in connection to installation of new transmission lines).

Accordingly, Plaintiff has failed to plead the existence of any claim against Cowan and her Complaint should be dismissed with prejudice.

## II.   Conclusion

Plaintiff's Complaint must be dismissed with prejudice as against Cowan because the Court lacks subject-matter jurisdiction over Plaintiff's claims and because Plaintiff fails to state a plausible claim for relief.  Therefore, Cowan respectfully requests that the Court (i) grant his Motion to Dismiss, and (ii) dismiss Plaintiff's Complaint against Cowan with prejudice.

        Respectfully submitted,

        GRAVES, DOUGHERTY, HEARON & MOODY, P.C.
        401 Congress Avenue, Suite 2200
        Austin, Texas  78701
        (512) 480-5680
        (512) 480-5880  FAX


        By:  /s/ *Marianne W. Nitsch*
            G. Douglas Kilday
            State Bar No. 00787834
            dkilday@gdhm.com
            Marianne W. Nitsch
            State Bar No. 24098182
            mnitsch@gdhm.com

        **ATTORNEYS FOR CLAIRBORNE COWAN**


## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF and have served the following party by certified mail return receipt requested and first class mail, who is not eligible to receive notification by the CM/ECF system:

    Alice Lawson, *Pro Se*
    4215 Argyle Terrace, N.W.
    Washington D.C. 20011


        /s/ *Marianne W. Nitsch*
        Marianne W. Nitsch